UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-81142-CIV-RYSKAMP/VITUNAC

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD, a
Foreign corporation,

    Plaintiff,

v.

DANVILLE-FINDORFF, INC., a
Florida corporation, and DANA C.
SHELDON, a natural person,

    Defendants.
_____/

## ORDER HOLDING DANA C. SHELDON IN CONTEMPT

THIS CAUSE comes before the Court pursuant to Plaintiff National Fire Insurance Co. of Hartford's ("National Fire") Motion for Sanctions to Hold Dana C. Sheldon in Contempt of Court and for an Automatic Bench Warrant to be Issued for Dana C. Sheldon's Arrest, filed July 24, 2007 **[DE 131]**.  No response to the motion has been filed.

On June 6, 2007, the Court entered an order requiring Defendant Dana C. Sheldon to appear to be deposed by National Fire within 10 days on the date and time as dictated by National Fire.  The order provided that "[f]ailure to appear may result in the imposition of appropriate sanctions against Defendant[] for failure to comply with a court order."  National Fire conducted extensive factual research to locate Dana C. Sheldon's current street address.  Personal

service on Dana C. Sheldon failed.  Substantial information indicates that Dana C. Sheldon uses P.O. Box 140938, Coral Gables, FL 33114-0938 as his most recent mailing address.  On June 13, 2007, National Fire served a subpoena duces tecum for deposition in aid of execution by U.S. Mail Express to P.O. Box 140938, Coral Gables, Florida requiring Dana C. Sheldon to appear for deposition on June 20, 2007 at 9:30 a.m.  The United States Postal Service attempted delivery on June 14, 2007, but returned the subpoena as "unclaimed."  On June 20, 2007, National Fire attempted to conduct the deposition of David C. Sheldon, but Dana C. Sheldon failed to appear.

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, process to enforce a judgment is subject to the practice and procedure of Florida.  Under Florida law, service of a subpoena to secure deposition of a defaulted party is not necessary.  See Florida Rules of Civil Procedure 1.080(a).  Here, National Fire has obtained a default judgment against Dana C. Sheldon.  Accordingly, Dana C. Sheldon, has received adequate notice of the deposition.

Rule 37(b) provides that a party may be held in contempt of court for failing to obey a court order and to appear for a deposition.  In addition, a trial court may issue a contempt order providing for an automatic bench warrant for the party's arrest as long as the party is in contempt for a past action of noncompliance.  See Novak v. Snieda, 659 So.2d 1138, 1140 (Fla. 2d DCA 1995)).  Here, Dana C. Sheldon had been warned that imposition of sanctions would be appropriate should he fail to comply with the court order.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED.  The Court hereby holds Dana C. Sheldon in contempt of court for failure to appear at the June 20, 2007 deposition.  Dana C. Sheldon may purge his contempt by responding to the subpoena duces tecum for deposition as requested by National Fire.  A bench warrant for his arrest shall be issued separately.

3

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 23rd day of August, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE
